FILED

MAY 0 9 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. CR 3-07-70022 |
| ) | |
| Plaintiff, ) | STIPULATION AND [PROPOSED] |
| ) | WAIVER ORDER |
| v. ) | |
| ) | |
| CLARENCE BLAND, JR., ) | |
| ) | |
| Defendant. ) | |
| _____) | |

With the agreement of the parties, and with the consent of the defendant, the Court enters this order vacating the preliminary hearing date of May 9, 2007, setting a new preliminary hearing date on June 4, 2007, at 9:30 a.m. before the duty magistrate judge, extending the time for the preliminary hearing under Federal Rule of Criminal Procedure 5.1, and extending the 30-day time period for indictment and excluding time under the Speedy Trial Act from May 9, 2007 to and including June 4, 2007. The parties agree, and the Court finds and holds, as follows:

1. The defendant has been released on a personal recognizance bond. The complaint charges him with mail and wire fraud in violation of 18 U.S.C. §§ 1341, 1343.

2. Counsel for the defendant is reviewing the evidence to determine whether a pre-charge disposition is appropriate. Only after evaluating the evidence will counsel be in a position to evaluate what disposition is an appropriate one. He also believes it is his best interest

STIPULATION AND [PROPOSED] ORDER
CASE NO. CR-3-07-7022

1  to negotiate the case pre-indictment, and he cannot do that without evaluating the evidence and
2  entering into discussions with the government. At present, counsel for the defendant is out of the
3  office attending to his new child (born May 7, 2007).

4      3.    Taking into the account the public interest in the prompt disposition of criminal
5  cases, these grounds are good cause for extending the time limits for a preliminary hearing under
6  Federal Rule of Criminal Procedure 5.1 and for extending the 30-day time period for indictment
7  and excluding time under the Speedy Trial Act. Failure to grant the continuance would deny
8  defense counsel the reasonable time necessary for effective preparation, taking into account the
9  exercise of due diligence. 18 U.S.C. § 3161(h)(8)(B)(iv). The Court also finds that the ends of
10 justice served by excluding the period from May 9, 2007 to June 4, 2007 outweigh the best
11 interest of the public and the defendant in a speedy trial. *Id.* § 3161(h)(A).

12     4.    Accordingly, and with the consent of the defendant, the Court (a) vacates the May
13 9, 2007, preliminary hearing date and sets a preliminary hearing date before the duty magistrate
14 judge on June 4, 2007 at 9:30 a.m., and (b) orders that the period from May 9, 2007 to June 4,
15 2007 be excluded from the time period for preliminary hearings under Federal Rule of Criminal
16 Procedure 5.1 and from Speedy Trial Act calculations under 18 U.S.C. § 3161(h)(8)(A) &
17 (B)(iv).

18     IT IS SO STIPULATED:

20 DATED: May 9, 2007
                                                 GEOFF HANSEN
21                                                  Attorney for CLARENCE BLAND

23 DATED: May 9, 2007
24                                                  TIMOTHY R. CRUDO
                                                 Assistant United States Attorney

26 IT IS SO ORDERED.
27 DATED: May 9, 2007
                                                 United States Magistrate Judge